O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AARON CLAY, | ) | Case No. CV 12-1881 RNB |
| Plaintiff, | ) | |
| vs. | ) | ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation.[1]

//
//
//

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

...

**A. Reversal is not warranted based on the ALJ's determination that plaintiff did not have a "severe" mental impairment (Disputed Issue No. 1).**

Disputed Issue No. 1 is directed to the ALJ's determination that, because plaintiff's mental impairments of polysubstance dependence and schizophrenia had no more than a mild limitation in various areas of mental functioning, they were not "severe" impairments at step two of the Commissioner's sequential evaluation process. (See Jt Stip at 5-9.)

An impairment may be found "not severe" at step two of the Commissioner's sequential evaluation process only where the impairment "has no more than a minimal effect" on the claimant's ability to perform basic work activities. Basic work activities are the "abilities and aptitudes necessary to do most jobs," such as understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) & 416.921(b). If a finding of non-severity is not "clearly established by medical evidence," adjudication must continue through the sequential evaluation process. See Social Security Ruling[2] ("SSR") 85-28; SSR 96-3p; see also Yuckert v. Bowen, 841 F.2d 303, 306-07 (9th Cir. 1988); McDonald v. Secretary of Health & Human Svcs., 795 F.2d 1118, 1124-25 (1st Cir. 1986).

Here, the Court notes that, notwithstanding the ALJ's step two determination that plaintiff's mental impairments were not severe, the ALJ did include a limitation based on plaintiff's mental impairments in his determination of plaintiff's residual functional capacity ("RFC"). In accordance with the opinion of the state agency

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

physician (see AR 271),³ the ALJ found that plaintiff was limited to simple, routine, and repetitive tasks without interaction with the public and no more than occasional interaction with coworkers (see AR 16). As the Commissioner points out, an ALJ's error in failing to find an impairment was severe at step two of the sequential evaluation process can be harmless where the ALJ considers any limitations imposed by the impairment during the remainder of the sequential evaluation process. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (concluding that any failure to list bursitis as severe at step two was harmless error where ALJ considered any functional limitations imposed by the bursitis at step four); Burch v. Barnhart, 400 F.3d 676, (9th Cir. 2005) (concluding that a failure to list obesity as severe at step two was harmless error where ALJ considered any functional limitations imposed by the obesity at steps three and five and in the RFC determination). Accordingly, in the Court's view, the real issue presented by Disputed Issue No. 1 is whether, in determining plaintiff's mental RFC, the ALJ failed to properly consider the opinion of plaintiff's treating psychiatrist, Dr. Ortego, who rendered an opinion that was more restrictive than the ALJ's RFC determination. (See Jt Stip at 8-9, 13-14.)

Dr. Ortego repeatedly stated that plaintiff was "recommended for SSI" and was "totally disabled and expected to be for life." Specifically, Dr. Ortego opined that plaintiff required a significant degree of assistance and direction to perform activities of daily living; was severely impaired in his ability to interact appropriately with others, communicate effectively, concentrate, complete tasks, and adapt to stresses

---

³ The state agency physician's opinion constituted substantial evidence to support the ALJ's RFC determination because it was consistent with other evidence in the record (see, e.g., AR 406, 408, 410, 415, 417, 431, 434, 444, 446, 447). See also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

common to the work environment (including the pressures of time, supervision, and decision making); would not be reliable in reporting for work or carrying out simple repetitive tasks; had impairments in areas of concentration and problem solving; had poor frustration tolerance; and had a limited ability to interact with the public, peers, and supervisors. (See AR 450, 453, 455, 460, 465, 468, 474.)

The law is well established in this Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

Here, the ALJ proffered three reasons for why he gave "little weight" to Dr. Ortego's opinion. (See AR 19.) First, the ALJ noted that Dr. Ortego's opinion was in sharp contrast to plaintiff's own testimony about his daily activities, which indicated that he drove, watched television, went to medical appointments, did crafts

4

and puzzles, built models, had a girlfriend, spent time with his children, exercised daily, went to a park three blocks from his house, babysat, went shopping with his mother, and did household chores such as watering the grass, taking out the trash, and cooking. (See AR 47-48, 50-51.) Likewise, the ALJ noted that Dr. Ortego's opinion was in sharp contrast to plaintiff's treatment notes at St. Mary's Care Clinic regarding his daily activities, which indicated that plaintiff took 15-30 minute daily walks with his wife, engaged in weight training with a neighbor, planned to take a weight training class in college in the fall, and was "totally independent" in his activities of daily living. (See AR 507-08.) The Court finds that this constituted a specific and legitimate reason based on substantial evidence in the record for giving little weight to Dr. Ortego's opinion. See, e.g., Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly rejected treating physician's opinion of disability that was inconsistent with claimant's level of activity); Sanchez v. Secretary of Health and Human Svcs., 812 F.2d 509, 511 (9th Cir. 1987) (same where treating physician's opinion was "substantially contradicted" by opinions of consulting physicians and relied on non-medical factors); Sample v. Schweiker, 694 F.2d 639, 643 (9th Cir. 1982) (same where psychiatrist's opinion was in sharp contrast to claimant's own testimony and contrary to opinions of other physicians).

Second, the ALJ noted that Dr. Ortego's conclusions were not adequately supported by clinical data and diagnostic findings, including Dr. Ortego's own treatment notes, which showed that he chose to maintain plaintiff on a conservative psychotropic medication regimen without the need to psychiatrically hospitalize plaintiff or provide any extraordinary treatments or therapies. (See AR 19; see also AR 453, 457, 461, 466, 472, 476.) The Court finds that this also constituted a specific and legitimate reason based on substantial evidence in the record for giving little weight to Dr. Ortego's opinion. See, e.g., Valentine v. Comm'r of Social Sec. Admin., 574 F.3d 685, 692-93 (9th Cir. 2009) (holding that contradiction between a treating physician's opinion and his treatment notes constitutes a specific and

5

legitimate reason for rejecting the treating physician's opinion); <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that contradiction between treating physician's assessment and clinical notes justifies rejection of assessment); <u>Thomas</u>, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that treating physician's opinion that was "unsupported by rationale or treatment notes, and offered no objective medical findings" to support diagnoses was properly rejected); <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that contradiction between doctor's treatment notes and finding of disability was valid reason to reject treating physician's opinion).

Third, the ALJ stated that, in any event, Dr. Ortego's opinion was not entitled to controlling weight because opinions on whether a claimant is "disabled" or unable to work are reserved for the Commissioner. (<u>See</u> AR 19.) Although the fact that a treating physician rendered an opinion on the ultimate issue of disability does not relieve the Commissioner of the obligation to state specific and legitimate reasons for rejecting it, <u>see, e.g.</u>, <u>Reddick</u>, 157 F.3d at 725; <u>Embrey v. Bowen</u>, 849 F.2d 418, 421-22 (9th Cir. 1988), the Court finds that the ALJ did meet that obligation here with his first two reasons for why he gave little weight to Dr. Ortego's opinion.

The Court therefore finds that reversal is not warranted based on the ALJ's alleged failure to properly consider Dr. Ortego's opinion in determining plaintiff's mental RFC.

**B.     Reversal is not warranted based on the ALJ's alleged failure to consider the effects of all of plaintiff's impairments "in combination" (Disputed Issue No. 2).**

Disputed Issue No. 2 is directed to the ALJ's alleged failure to consider the effects of all of plaintiff's impairments in combination. However, plaintiff has failed

6

to do an adequate job of developing this argument. Instead of explaining how the ALJ's decision was not supported by substantial evidence or based on legal error, plaintiff has merely recited legal boilerplate and asserted conclusorily that the ALJ did not evaluate plaintiff's medical conditions in combination. (See Jt Stip at 16-19.)

In any event, for the reasons stated by the Commissioner (see Jt Stip at 19-25), the Court finds that reversal is not warranted based on the ALJ's alleged failure to consider the effects of all of plaintiff's impairments in combination.

**C.    Reversal is not warranted based on the ALJ's determination that plaintiff could perform a significant number of jobs in the national economy (Disputed Issue No. 3).**

Disputed Issue No. 3 is directed to the ALJ's determination at step five of the sequential evaluation process that there were a significant number of jobs in the national economy that plaintiff could perform. Plaintiff claims that the ALJ's step five determination relied on testimony from the vocational expert that did not account for all of plaintiff's limitations. Although it is not entirely clear, plaintiff appears to be contending that the following limitations were improperly omitted from the hypothetical question to the vocational expert: (1) limitations included in Dr. Ortego's opinion, (2) the need for several daily breaks due to diarrhea; and (3) deficiencies in concentration, persistence, or pace. (See Jt Stip at 27-28.)

Hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations substantiated by the evidence of record that the ALJ finds to exist. See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001); Magallanes, 881 F.2d at 756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). Here, the Court finds that the ALJ did not err in failing to include in the hypothetical question any of the three types of limitations that plaintiff appears to be contending were improperly omitted.

First, as discussed above, the ALJ provided specific and legitimate reasons supported by substantial evidence in the record to reject the limitations included in Dr. Ortego's opinion.

Second, there was no substantial evidence in the record to support plaintiff's assertion that he needs "several" bathroom breaks during the workday. Rather, the record reflects that plaintiff was receiving treatment for his gastrointestinal problems (see AR 502, 508) and that diarrhea was not a regular condition because plaintiff sometimes denied experiencing it (see AR 213, 223, 234, 238).

Third, there was no substantial evidence in the record that plaintiff had any deficiencies in concentration, persistence, or pace. The only references to such a limitation were in the opinion of Dr. Ortego (see AR 450, 453, 455, 460, 465, 468, 474) and the opinion of a nurse practitioner (see AR 211). The Court has found that the ALJ properly rejected Dr. Ortego's opinion. Moreover, the nurse practitioner was not an acceptable medical source for purposes of the Commissioner's disability evaluation, either by herself, see 20 C.F.R. § 416.913(a), or as part of an interdisciplinary medical team supervised by a psychiatrist, see Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: February 11, 2013

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE